IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK GATLIN,

    Plaintiff,                    No. CIV S-06-2465 WBS GGH P

    vs.

MR. NICHOLS, et al.,

    Defendants.           FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the original complaint filed November 7, 2006.

        Pending before the court is defendant's June 8, 2007, motion to dismiss for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b). For the following reasons, the court recommends that defendant's motion be denied.

        The only defendant is Mr. Nichols.[1] Plaintiff alleges that on November 29, 2005, or November 30, 2005, he took his wheelchair to defendant Nichols for repair. Defendant Nichols refused to issue a temporary wheelchair to plaintiff during the repairs, which took over one month. During this time, plaintiff was forced to walk which caused him to fall down and

---

[1] On May 9, 2007, the court dismissed the claims against defendant Cry.

1

1  suffer injuries.

2  42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to
3  prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in
4  any jail, prison, or other correctional facility until such administrative remedies as are available
5  are exhausted."

6  In order for California prisoners to exhaust administrative remedies, they must
7  proceed through several levels of appeal:  1) informal resolution, 2) formal written appeal on a
8  CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and
9  4) third level appeal to the Director of the California Department of Corrections.  Barry v.
10 Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A
11 final decision from the Director's level of review satisfies the exhaustion requirement.  Id. at
12 1237-38.

13 The administrative grievance procedures for disability related complaints, like
14 plaintiff's, are a bit different than those for non-disability related complaints.  Inmates with
15 disabilities are required to complete a CDC 1824 form.  Cal. Code Regs. tit. 15, § 3085(a).  The
16 inmate shall then forward it to the appeals coordinator's office.  Id.  If the form meets the
17 screening criteria set forth in Cal. Code Regs. tit. 15, § 3084.3, the form is logged in the appeals
18 log with the status of first level review.  Id.  If the inmate is dissatisfied with the decision, he may
19 appeal to the second level of review by attaching the original 1824 form.  Id., subsection (b).  If
20 the inmate is dissatisfied with the second level of review, he may appeal to the third level of
21 review.  Id., subsection (c).

22 In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates
23 must exhaust administrative remedies, regardless of the relief offered through administrative
24 procedures.  121 S. Ct. at 1825.  Therefore, inmates seeking money damages must completely
25 exhaust their administrative remedies.  42 U.S.C. § 1997e(a) provides that no action shall be
26 brought with respect to prison conditions *until* such administrative remedies as are available are

exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

In Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006), the Supreme Court held that a prisoner cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal.

On October 14, 2005, plaintiff submitted an 1824 form complaining that he had not been provided with a wheelchair as ordered by the doctor. Complaint, Exhibit A. This appeal, no. 05-M-2093, was granted at the first level of review with a note stating that plaintiff had been given the wheelchair. Id. Plaintiff then appealed this response to the second level of review in a grievance stating the wheelchair he was given was in bad condition. Id. Plaintiff requested a new wheelchair. Id. On November 29, 2005, this appeal was granted and denied at the second level of review. Id. As to plaintiff's request for a wheelchair, the appeal was granted because plaintiff had received a wheelchair. Id. As to plaintiff's request for a wheelchair that functioned properly, the appeal was denied because plaintiff had not presented himself to the Clinic in order to have his wheelchair repaired. Id. Plaintiff did not file a third level appeal of this grievance.

On December 23, 2005, plaintiff submitted a new 1824 form raising the claims raised in the instant action, i.e. defendant Nichols took his wheelchair for repair but failed to issue a wheelchair for plaintiff to use during the repairs. Id., Exhibit B. On January 13, 2006, this appeal was returned to plaintiff on grounds that it was duplicative of appeal no. 05-M-2092. Id.

Plaintiff then submitted the December 23, 2005, 1824 form to the Director's Level of review. Complaint, p. 7. On March 7, 2006, this appeal was returned to plaintiff on grounds that it had not been completed through the second level of review. Complaint, p. 7, exhibit B.

Plaintiff submitted two inmate appeals complaining that his earlier grievances had not been properly processed. Complaint, Exhibit C. One of these appeals was screened out at the informal level of review as being duplicative of 05-M-2092. Id. Plaintiff appealed both of

3

these grievances to the Director's Level, where they were rejected for not having been completed through the second level of review.  Id.

Defendants argue that plaintiff failed to exhaust administrative remedies because he did not appeal appeal no. 05-M-2092 to the third level of review.  Defendants argue that plaintiff failed to follow the proper grievance procedures by filing a duplicative appeal, i.e. the December 23, 2005, 1824 form.  In his opposition, plaintiff argues that his December 23, 2005, 1824 form was improperly screened out as duplicative of appeal no. 05-M-2092 because it raised different issues.

While both appeals generally raised issues regarding plaintiff's use of a wheelchair, they requested different relief.  Appeal no. 05-M-2092 requested a wheelchair that properly functioned.  The December 23, 2005, 1824 form requested that a wheelchair be issued to plaintiff while the malfunctioning wheelchair was being repaired.  A response to the claims raised in 05-M-2092 would not have addressed the claims raised in the December 23, 2005, 1824 form.  Accordingly, the court finds that the December 23, 2005, 1824 form was improperly screened out as duplicative of appeal no. 05-M-2092.  Under these circumstances, plaintiff had exhausted his administrative remedies when he filed this action.  Cf. Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998) (when a prisoner has undertaken all possible appeals but the prison authorities fail to respond within the required time period, the prisoner has exhausted administrative remedies).

Accordingly, IT IS HEREBY RECOMMENDED that defendant's June 8, 2007, motion to dismiss for failure to exhaust administrative remedies be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

/////

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 11/29/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

gat2465.mtd