IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK GATLIN,

       Plaintiff,                        No. CIV S-06-2465 WBS GGH P

   vs.

MR. NICHOLS, et al.,                 ORDER

       Defendant.

_____/

Introduction

        Plaintiff is a state prisoner at California Medical Facility (CMF), proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the original complaint filed November 7, 2006. Plaintiff alleges that defendant Nichols did not provide him with a replacement wheelchair for more than a month while plaintiff's wheelchair was being repaired and plaintiff was forced to walk which caused him to fall down and suffer injuries. Pending before the court is plaintiff's motion to compel discovery (Doc. #31), filed May 27, 2009. Defendant filed an opposition (Doc. #33), on July 13, 2009, and plaintiff filed a reply (Doc. #37), on August 14, 2009.

\\\\\

\\\\\

<u>Motion to Compel Discovery</u>

A party may bring a motion to compel discovery when another party has failed to respond or respond adequately to a discovery request. Fed. R. Civ. P. 37(a)(3). A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" but "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b). As the moving party, plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel and for each disputed response, why defendant's objections are not justified or why the response provided is deficient. Plaintiff seeks the following:

First Document Request

1. All documents sufficient to identify defendant's direct supervisor, during the periods giving rise to this matter.
2. All copies of 602 administrative appeals filed by plaintiff regarding this litigation.
3. All documents, notes, letters, memoranda and reports created in connection with the 602 appeal and ADA appeal to deny plaintiff a wheelchair for medical reasons.
6. A copy of defendant's curriculum vitae.
7. All names and case numbers of inmates who have sued defendant for whatever reason.

First Interrogatory Request

5. What are defendant's duties as an MTA?
9. When plaintiff appeared at the clinic in a defective wheelchair, did defendant refuse to give plaintiff a wheelchair that was fully operational and state that defendant would only repair the wheelchair that plaintiff presently had?
13. Did defendant give plaintiff a wheelchair to move about the prison?
17. At what point did defendant give plaintiff a wheelchair back?

Second Document Request

8. Produce a copy of any and all records defendant intends to introduce and or use as evidence to support all of defendant's affirmative defenses.

Second Interrogatory Request

18. State and produce the CMF full and complete policy and procedures in use on 9-14-05 to provide non-ambulatory or disability placement mobility inmates with wheelchairs.

21. Give a full and complete description of defendant's duties as a MTA from 9-14-05 to May 2007 and produce a record depicting the job description.
22. Were there any new wheelchairs available for plaintiff to sign an trust account withdrawal order to possess at CMF?
23. State the names and job titles of all witnesses defendant intends to call at trial.

First Document Request

(1) Plaintiff first requests documents to identify defendant's supervisor. However, defendant provided the supervisors name to plaintiff in the original response to plaintiff's request. Plaintiff's Motion to Compel (Motion) at 22. It is unclear what plaintiff requests this court to compel, thus this request is denied.

(2) Plaintiff next requests all copies of 602 administrative appeals that he filed regarding this litigation. In the opposition to plaintiff's motion, defendant has provided a copy of the 602 appeal regarding this litigation, so this request is denied. Defendant's Opposition (Opposition), Exh. 1.

(3) Plaintiff's original document request served on defendant sought all documents connected with his 602 administrative appeal. Motion at 3. However, in his motion to compel, plaintiff seeks information concerning where CMF sends wheelchairs to be repaired and the names of expert witnesses defendant intends to call at trial. As plaintiff seeks to compel discovery on a request never sent to defendant, the court will not address this request. With respect to the original request served on defendant regarding 602 appeal information, the request is denied as defendant provided a copy of the 602 appeal to defendant.

(6) Plaintiff also requests a copy of defendant's curriculum vitae and a description of defendant's duties as an MTA. Defendant has provided a description of his duties as an MTA. Opposition, Exh. 2. With respect to the curriculum vitae, defendant responded that after a diligent search no document was found. Motion at 23. As there is no document for the court to compel production of, this request is denied.

\\\\\

      (7) Plaintiff also requests all names and case number of inmates who have sued defendant for any reason. Defendant responded that after a diligent search no documents were found. Moreover, this request is overly broad and is not likely to lead to discovery of admissible evidence. Plaintiff's request is denied.

First Interrogatory Request

      (5) Plaintiff requests information concerning defendant's duties as an MTA. Defendant has provided a copy of a duty statement describing the duties of an MTA, thus plaintiff's request to compel is denied. Opposition, Exh. 2.

      (9) Plaintiff urges the court to compel a yes or no answer regarding if defendant refused to give a plaintiff a fully operational wheelchair and instead stated that defendant would only repair plaintiff's wheelchair. Defendant objected to this interrogatory on the grounds that it assumes that plaintiff's wheelchair was defective. Defendant argues that plaintiff's wheelchair which he was using, was safe and functional.

      Plaintiff's request assumes initial facts requiring defendant to adopt such facts. Plaintiff's request is too improper for the court to compel defendant to answer. Plaintiff's request is denied.

      (13) Plaintiff also requests a yes or no answer to if defendant provided plaintiff with a wheelchair to move about the prison. Defendant objects that the question is vague and ambiguous as to time and circumstances. Defendant did provide documents that show plaintiff was provided a wheelchair on January 20, 2006, though it does not indicate who specifically gave defendant the wheelchair. Opposition, Exh. 3.

      Plaintiff's question is rather straightforward and defendant is able to provide an answer. Defendant does not have to answer the questions with a yes or no, but defendant is ordered to provide an answer if defendant gave plaintiff a wheelchair.

      (17) Plaintiff requests to know the date that a wheelchair was returned to him. Defendant has provided documents showing that plaintiff was provided a wheelchair on January

4

20, 2006. Opposition, Exh. 3. This request to compel is denied.

### Second Document Request

(8) Plaintiff requests copies of any and all records that defendant intends to introduce or use as evidence to support all of defendant's affirmative defenses. Defendant correctly states that certain documentation would be protected from disclosure by the work-product privilege. Furthermore, plaintiff's request is overbroad and the court is unsure of what specifically plaintiff seeks, thus this request is denied. Plaintiff is also informed that defendant will be providing an exhibit list in his pretrial statement when the court issues a Further Scheduling Order.

### Second Interrogatory Request

(18) Plaintiff seeks the policy and procedures used at CMF regarding providing wheelchairs to non-ambulatory or disability placement mobility inmates. Defendant provided a description of the policy in the response to the interrogatory and has also provided a copy of the appropriate regulations. Opposition, Exh. 4. This request is denied.

(21) Plaintiff seeks a full description of defendant's duties as an MTA during the relevant time period. Defendant provided a description of his duties in the response to the interrogatory and has also provided a duty statement describing the duties of an MTA, thus plaintiff's request is denied. Opposition, Exh. 2.

(22) Plaintiff requests to know if there were any wheelchairs available for him to possess at CMF between 9/14/05 and 11/30/05. Defendant objected to this interrogatory request, stating he was unable to respond with the information presently available to him and the request was not proper under Fed.R.Civ.P. 33. Defendant is mistaken.

Plaintiff's request is clearly relevant to the instant action and properly brought under the Federal Rules of Civil Procedure. Defendant has a duty to reasonably inquire into plaintiff's request and it appears that defendant's position allows him to access this information or otherwise obtain it. Defendant can "refresh his recollection" by the appropriate means and

1  provide this information to plaintiff. Thus, plaintiff's motion to compel is granted with respect to
2  this request and defendant is ordered to respond.

3  (23) Plaintiff seeks all the names and job titles of all people that defendant intends
4  to call as witnesses during the trial. This information will be provided when defendant issues a
5  pre-trial statement and it is premature for plaintiff to request this information at this time. Nor
6  has plaintiff stated any reason why he requires this information at this stage of the proceedings.
7  This request is denied.

8  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (Doc.
9  #31) is granted in part and denied in part as follows:

10  1. Defendant is ordered to respond to plaintiff's first interrogatory request (13), if
11  plaintiff was provided a wheelchair to move about the prison and the second interrogatory
12  request (22), regarding if there were wheelchairs available at CMF between 9/14/05 and
13  11/30/05, within thirty days of the filed date of this order.

14  2. The motion to compel is denied in all other respects.

15  DATED: 10/02/09

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
gatl2465.cpl